UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | Civil Action No.. |
| V, | ) | |
| | ) | _____ |
| JOSEPH CARTER, Chief | ) | 05 - 11851 RCL |
| MASSACHUSETTS BAY TRANSPORTATION | ) | |
| AUTHORITY POLICE DEPARTMENT | ) | *Referred to MJ Leo T Soroker* |
| | ) | |
| ARTHUR FULA, BADGE #582 | ) | |
| | ) | |
| "SERGEANT" CADET, BADGE #76 | ) | 13 September 2005 |
| | ) | |
| JEFFREY JACKMAN | ) | |
| | ) | |
| JAMES SHEEHAN | ) | |
| | ) | |
| EQUITY OFFICE PROPERTIES | ) | |
| MANAGEMENT CORP | ) | |
| | ) | |
| *Defendants* | ) | |

---

COMPLAINT FOR DECLARATORY, INJUNCTIVE, COMPENSATORY,
AND PUNITIVE RELIEF AND REQUEST FOR A TRIAL BY JURY

---

The Plaintiff — Richard Max Strahan — is bringing this civil action against the

Defendants to stop them from engaging in *ultra vires* acts of retaliation against him — including

arresting him and other members of Green World for criminal trespass — in retaliation for his

engaging in the peaceful petitioning for signatures, leafleting and accepting donations ("Public

Outreach") in the Public concourse area of South Station in Boston MA ("South Station")during

its regular business hours. Strahan is seeking a Declaratory Judgment affirming the Public's right

of passage through South Station and the Public's right under the First Amendment and

Massachusetts' Constitution to engage in peaceful Public Outreach in South Station during its

regular business hours. Strahan is seeking Injunctive Relief from the Court ordering the

Defendants to cease their said unlawful retaliation against Strahan and other members of the

Public from engaging in Public Outreach in South Station. Strahan is also seeking an award of

compensatory damages of $100,000 from each of the Defendants and an award of punitive

damages of one million dollars from each of the Defendants. Strahan is also requesting a jury

trial for each of his claims against the Defendants.

## Background

1.      On 12 September 2005, Strahan was doing Public Outreach in the Public

Concourse Area of South Station at a table that he set up with posters and informational material.

Strahan serves as the National Campaign Director of GreenWorld. The subject of Strahan's

Public Outreach at South Station this day concerned GreenWorld's campaign to the end the

killing and injure of endangered species of whales and sea turtles in U. S. coastal waters

incidentally cause by the activities of people. It was a very positive Public Outreach with many

members of the Public freely choosing to socialize with Strahan, sign their names on an offered

petition, offer their own opinions, and even make donations. Upon information and belief, no

member of the Public that talked to Strahan that day as part of the Public Outreach made any

kind of complaint to any of the Defendants about Strahan's activities that day in South Station.

2.      Strahan and GreenWorld brought several prior lawsuit against the MBTA and

Equity Office Properties over their historical false arrests of Strahan on trespass and disorderly

conduct charges that were made in retaliation for Strahan doing Public Outreach in South

Station. Strahan had been found not guilty and otherwise vindicated on all these charges when

they were tried in the Boston Municipal Court. See Strahan v. Smith, 02-10017-WGY. The

MBTA and Equity Office Properties defendants in these civil actions eventually entered into a

settlement agreement with Strahan and these civil actions were then dismissed. This settlement

agreement provides that Strahan will be allowed to engage in Public Outreach in the Public

Concourse Area of South Station without any kind of harassment from any MBTA and/or Equity

Office Properties employee. The settlement Agreement also provided that Strahan would conduct

his Public Outreach in a certain manner. The Settlement Agreement provided for a mandatory

arbitration of claims by any party to this agreement that any other party was not complying in

full with the provisions of this agreement. The Settlement Agreement requires that this

arbitration occurs before any party takes any other response to a perceived violation of the

Settlement Agreement.

3.      At about 2 pm Defendant Fula approached Strahan and told him that he had

obtained on his own a copy of the Settlement Agreement and was going to enforce its provisions

on his own volition without any supervisor telling him to do so. This Defendant has repeatedly

harassed Strahan on several occasions in retaliation for Strahan doing Public Outreach in the

Public Concourse Area. This Defendant has repeatedly interrupted Strahan when he was talking

to members of the Public with slanderous comments and expressions of personal hatred towards

Strahan. The Defendant Fula has made it known to Strahan directly that he is going top do

"whatever it takes" to stop Strahan from doing Public Outreach in South Station. He has

repeatedly called Strahan a "crook."

4.      The Defendant Fula told Strahan that he had asked Defendant Jackman — who

supervises building operations at South Station for Equity Office Properties — if Strahan had left

a voice message the day before for Defendant Jackman  notifying him that Strahan would be

doing Public Outreach that day in South Station. He said that Defendant Jackman told him that

he was aware of no such message. He said that since Strahan left no message for Jackman he

personally felt that Strahan  had violated the Settlement Agreement. Upon information and

belief, Fula solicited Jackman into a conspiracy to assist him in making a retaliatory trespass

arrest of Strahan in order to stop Strahan from doing Public Outreach in South Station this day

and in the future. The Defendant Fula then ordered Strahan to stop doing Public Outreach in

South Station or he would immediately arrest him for trespass. He said that he thought that the

Settlement Agreement no longer protected Strahan and that there was now nothing now to stop

Fula from making good on his desire to keep Strahan from doing Public Outreach in South

Station from now on. He threatened Strahan with imminent trespass arrest if Strahan did not

4

immediately stop doing Public Outreach in South Station and then leave the building. Strahan told Fula that Fula had no authority to enforce the Settlement Agreement . He also told him that the Public did not have a generic legal right to be in South Station and that Strahan — nor any member of the Public — could be arrested for trespassing in South Station in retaliation for doing Public Outreach there.

5.      As a result of Strahan's standing up for his rights, Fula called in his immediate supervisor — Defendant Cadet. He came to South Station and promptly himself threatened Strahan with imminent arrest for trespass in retaliation for Strahan's doing Public Outreach in South Station. The Defendant Cadet further informed Strahan that he was in a vendetta against Strahan for a reason in addition to Strahan's Public Outreach — he was not respectful to MBTA police employees.  The Defendant Cadet also explained to Strahan that he would arrest any member of the Public in retaliation for their trying to do Public Outreach in South Station. "We don't let anybody petition in South Station," Defendant Cadet told Strahan.  The Defendant Cadet told Strahan that since Strahan had violated the Settlement Agreement that he was no longer protected from retaliation by MBTA police employees against any member of the Public doing Public Outreach in South Station.  He gave Strahan five minutes to "pack up" leave South Station. Faced with the threat of imminent arrest if he did not stop doing his Public Outreach, Strahan fled South Station against his will.

6.      South Station is a Public building that is nominally owned by Massachusetts Bay Transportation Authority ("MBTA"). The MBTA leased Public concourse area of South Station ("Public Concourse Area") and other areas to the Defendant Equity Office Properties Trust — who is currently the lawful possessor of the Public Concourse Area.  The Public Concourse Area of South Station is freely open to access to all members of the Public during its regular business hours and has the same status as a Public sidewalk.  There is no possibility of anyone being legally arrested for trespassing in South Station while they are acting peacefully if even then.

7.      All members of the Public have a lawful license to enter, reside on its floors and otherwise pass through the Public Concourse Area during its regular business hours without the

5

lawful possibility of arrest for criminal trespass. The Public Concourse Area is a Public Accommodation under the provisions of Massachusetts' Public Accommodations Law.

8.      It is the current practice of the Defendants to retaliate with threats of arrest for trespass against any member of the Public who attempts to engage in peaceful Public Outreach in the Public Concourse Area. As a result members of the Public have been largely intimidated and coerced by the Defendants threats from engaging in Public Outreach in South Station.

9.      Since 1989, Strahan and other members of GreenWorld — an environmental movement for the protection of endangered species of wildlife — have repeatedly engaged in peaceful Public Outreach in South Station since 1989 hundreds of times despite the threat of MBTA employees to arrest them if they do so. Because Strahan stood up to the MBTA police and Defendant Equity Office Properties with threats of lawsuits against them, Strahan was able to do Public Outreach at South Station many times without being arrested. However, he was arrested on many occasions with the trespass charges eventually being dismissed and with him being found not guilty. Strahan's successful defense of his false arrests by MBTA police employees in court only heightened the reluctance of most MBTA police employees to make good on their generic threat to every member of the Public to be arrested if anyone engaged in Public Outreach in South Station.

10.      Despite the presence of a "reluctance" on many MBTA police employees to do an arrest Strahan in retaliation for his attempts to do Public Outreach in the Public Concourse Area of South Station, it still routinely happens and now is a guaranteed reality for Strahan. Without the intervention of the Court, Strahan's can no longer attempt to do Public Outreach in South Station because of the fear of being arrested for trespass in retaliation for doing Public Outreach in South Station.

### The Parties

11.      Plaintiff Richard Max Strahan is a conservation biologist and a leading national advocate for the conservation and protection of whales and other marine wildlife. His current address is 928 Dorchester Avenue, #5, Boston MA 02125.

12.    Defendant Arthur Fula is being sued in his individual capacity. He is employed by the Massachusetts Bay Transportation Authority as a deputized security guard. His business address is % MBTA Police Department, 240 Southampton Street, Boston, MA 02118.

13.    Defendant Joseph Carter is being sued in his personal capacity in his official capacity as the chief of the Massachusetts Bay Transportation Authority police department. He is employed by the Massachusetts Bay Transportation Authority as a deputized security guard. His business address is % MBTA Police Department, 240 Southampton Street, Boston, MA 02118.

14.    Defendant "Sergeant" Cadet #76 is being sued in his individual capacity. He is employed by the Massachusetts Bay Transportation Authority as a deputized security guard. His business address is % MBTA Police Department, 240 Southampton Street, Boston, MA 02118.

15.    Defendant Jeffrey Jackman is being sued in his personal capacity. . He is employed by Equity Office Properties Trust. His business address is % Equity Office Properties, 100 Summer Street, Boston MA 02110.

16.    Defendant James Sheehan is being sued in his personal capacity. . He is employed by Equity Office Properties Trust as the general manager of South Station. His business address is % Equity Office Properties, 100 Summer Street, Boston MA 02110.

17.    Defendant Equity Office Property Management Corp is a company doing business in Massachusetts as a foreign corporation. Its resident agent address is % Lexis Document Services, Inc., 84 State Street, 5th Floor, Boston MA 02109.

### Jurisdiction and Standing

18.    The Plaintiffs have jurisdiction to bring this suit pursuant to the Civil Rights Act, 42 U. S. C. § 1981 – 1985 and the Declaratory Judgment Act.. The Court has jurisdiction and venue to hear this matter because of the federal questions involved and that all of the referred to violations are taking place within the jurisdiction. Plaintiff Strahan has standing to bring this action as he was the victim of the alleged unlawful acts by the Defendants.

## Plaintiff's Claims Against the Defendants

COUNT I: Violation of the Civil Rights Act by the Defendants use of intimidation and threat to interfere with Strahan's enjoyment of his rights protected by the Fourth Amendment.

19.    All allegations contained within paragraphs 1 through 18 are included and used within this claim.

20.    Strahan and other members of the Public have the right and license to enter and dwell within South Station during its regular business hours. South Station is a Public Accommodation pursuant to Massachusetts' statutory law and is also a Public Forum. The First Amendment and Articles 16/19 of the Massachusetts Constitution protect Strahan's and other members of the Public right to do Public Outreach in South Station's Public Concourse Area during its regular business hours. Therefore, on 12 September 2005 was not "without right" in his being in South Station to justify the presence of probable cause to justify Defendants Fula and Cadet from arresting Strahan for trespass as required by the Massachusetts Criminal Trespass Statute. See 266 M. G. L. § 120. In addition the Settlement Agreement gives Strahan an absolute contractual right/permit to be in South Station for any peaceful and lawful purpose in addition to a right/permit to do Public Outreach in South Station.

21.    The Defendants Fula and Cadet are not "exclusive possessors" and/or delegated agents of any "exclusive possessor" of South Station and in fact enjoy absolutely no possessor status at all pursuant to the Massachusetts Criminal Trespass Statute regarding South Station to justify them issuing any lawful permanent or temporary notice ordering Strahan or any other member of the Public to leave the premises of South Station to provide any probable cause to justify any trespass arrest of Strahan on 12 September 2005. In addition, there was no probable cause to arrest Strahan for trespass on 12 September 2005 in so far as the threatened trespass

arrest was motivated as an unlawful retaliation of First Amendment protected Speech by its intent of stopping Strahan from doing Public Outreach in South Station on the day in question.

22.    As a result, these Defendants — acting in conspiracy with Defendant Jackman — violated Strahan's Fourth Amendment right against unreasonable search and seizure by threatening to make an unlawful trespass arrest devoid of any necessary probable cause. These Defendants were acting under color of state law in a conspiracy with the other Defendants to engage in *ultra vires* acts unlawful retaliatory trespass in order to stop any member of the Public from doing Public Outreach in the General Concourse Area of South Station.

23.    Unless the Court acts to order the Defendants to do otherwise, Strahan will be unlawfully arrested for criminal trespass in the future in retaliation for his attempt to do Public Outreach in the Public Concourse Area of South Station during its regular business hours.

COUNT II Violation of the Civil Rights Act through the Defendants use of intimidation and threat to interfere with Strahan's enjoyment of his rights protected by the First Amendment

24.    All allegations contained within paragraphs 1 through 23 are included and used within this claim.

25.    The Defendants conspire together to stop the Public from doing Public Outreach in the General Concourse Area in South Station during its regular business hours. Public Outreach constitutes protected core speech protected by the First Amendment. The Defendants directly attack Strahan's ability to engage in Public Outreach with their said retaliatory threats to have him arrested for trespass if he attempts to do Public Outreach in the General Concourse Area of South Station during its regular business hours.

26.    Unless the Court acts to order the Defendants to do otherwise, Strahan will be unlawfully arrested for criminal trespass in the future in retaliation for his attempt to do Public Outreach in the Public Concourse Area of South Station during its regular business hours

*Claims for Relief Arising Under the Court's Supplemental Jurisdiction*

COUNT III: Defendants' Violation of Section 12I of the Massachusetts Civil Rights Act through their conspiracy to intimidate, threaten and coerce Strahan from enjoying his Constitutionally Protected Right under the First and Fourth Amendment

27.     All allegations facts contained within paragraphs 1 through 25 are included and used within this claim.

28.     Strahan has been interfered with in his enjoyment of his First and Fourth Amendment rights in doing Public Outreach in the Public Concourse Area of South Station by the Defendant threats and coercion of unlawful  trespass arrests in retaliation for attempting to do said Public Outreach.

29.     Unless the Court acts to order the Defendants to do otherwise, Strahan will be unlawfully arrested for criminal trespass in the future in retaliation for his attempt to do Public Outreach in the Public Concourse Area of South Station during its regular business hours.

COUNT IV: Defendants' Interference with Advantageous Business Relationships

30.     All allegations facts contained within paragraphs 1 through 30 are included and used within this claim.

31.     Strahan's ability to raise funds, recruit volunteers and develop positive relations and reputation with the general Public has been devastated by the Defendants said unlawful efforts to stop Strahan from doing Public Outreach in South Station. On 12 - 13 September 2005 alone, Strahan lost over two hundred dollars in lost funding as a result of being intimidated and coerced from doing Public Outreach in South Station.

32.     Unless the Court acts to order the Defendants to do otherwise, Strahan will continue to be impaired from getting funds and volunteers as a result of the Defendants' threats to arrest him for trespass in retaliation for his Public Outreach in South Station.

PRAYER FOR RELIEF

The Plaintiff prays for the following relief from the Court:

I.      For a declaratory judgment, declaring that all members of the Public have a right to engage in Public Outreach in the General Concourse Area of South Station and

cannot be lawfully arrested for trespassing in retaliation for their doing said Public Outreach.

II.    For an order, enjoining the Defendants from arresting Strahan for criminal trespass for peacefully remaining in the General Concourse Area of South Station.

III.    For an order, enjoining the Defendants from interfering in the future with Strahan peacefully engaging in Public Outreach in the Public Concourse Area of South Station.

II.    For an award of compensatory damages in the amount of $100,000 from each of the Defendants

III.    For an award of punitive damages against each of the Defendants in the amount of one million dollars.

VII.    For any other order the Court deems worthy.

VIII.    For an award of costs and attorney fees for commencing and conducting this litigation.

BY:

RICHARD MAX STRAHAN, Plaintiff
928 Dorchester Avenue, #5
Boston MA 02125
617.233.3854

---

## VERIFICATION OF THE COMPLAINT

---

I Richard Max Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this thirteenth of Sepetmber in the year two thousand and five.

Richard Max Strahan

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Max Strahan

## DEFENDANTS
Joseph Carter et al.

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

Attorneys (If Known)

**05-11851 RCL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1981-88
Brief description of cause:
Retaliatory Arrests For Against Free Speech Activit

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Young
DOCKET NUMBER 02-10017-WGY

DATE 13 September 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____

_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

    IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

**05-11851 RCL**

    V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

Strahan v. Smith, 02-10017-WGY

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☒    NO ☐

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒    Central Division ☐    Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Richard Max Strahan

ADDRESS  928 Dorchester Ave, Boston MA

TELEPHONE NO.  617 233 3854

(CategoryForm.wpd -5/2/05)