UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 NOV 10 A 11: 32

DISTRICT COURT
DISTRICT OF MASS.

RICHARD MAX STRAHAN )
)
    *Plaintiff* )  Civil Action No.
)
v. ) 05 – 11851 -- RCL
)
JOSEPH CARTER, Chief )
MASSACHUSETTS BAY ) 10 November 2005
TRANSPORTATION AUTHORITY, et al. )
)
    *Defendants* )

**PUBLIC-CITIZEN STRAHAN'S MOTION REQUESTING THAT THE COURT IMMEDIATELY ISSUE HIM SUMMONS TO SERVE ON THE DEFENDANTS**

Plaintiff – Richard Max Strahan – moves the Court pursuant to 28 U. S. C. 1915(d) and Rule 4(b) of the Fed. R. Civ. Proc. To order the clerk's office of the Court to sign, date and affix its seal to the attached summons for each of the Defendants in order for Strahan to serve process and a copy of the summons on each of the Defendants as set by the time requirements of Rule 4(m). See completed and attached summons. Strahan is also asking the Court to order the U. S. Marshals to effect service of process on on each of the Defendants and to serve a copy of the summons and the pleadings on each of the Defendants.

On 15 September 2005 the Court granted my motion to waive the filing fee to docket the instant action. For unexplained reasons, the Court also issued an order to the clerk's office to stop it from issuing the summons and offered on how it was going to do a review of my complaint to see if the action can be dimissed as "frivolous" under 28 U. S. C. 1915(e). This was an inappropriate act by the Court. While 28 U. S. C. 1915(e) gives the Court the discretion to dimiss an in forma pauperis action as "frivolous", it imposes no requirement that the Court must review the pleadings and rule that the my claims are not :frivolus" before the summons is issued. The Court has gone out of its way to stop the issuing of the summons until it can decide on whether my claims are frivolous or not. It has not revealed why it wants to go out of its way to make a finding that it is not required to do. Clearly if my claims were "frivolous" it would have been obvious to the Court on its original reading of them. The fact that the Court has to put some effort into evaluating them is proof that they are not frivolous and the Court is improperly delaying the proceedings for some unbenownst reason.

    Since I have now asked the Court to immediately issue me the summons so that I may serve process on the Defendants and additionally asked that it order the U. S. Marshals to serve process on the Defendants I have "excusable neglect" for not serving the Defendants within the

2

time required by Rule 4(m). The instant action cannot now be dismissed for lack of timely service of proces pursuant to Rule 4(m).

For the above reasons, Strahan I am asking the Court to grant my requested relief.

BY: _____
Richard Max Strahan
928 Dorchester Avenue
Boston MA 02125
617.233.3854

*Pro Se and Proud!*