UNITED STATES DICTRICT COURT E D
FOR THE DISTRICT OF MASSACHUSETTS OFFICE

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | ) | 2005 DEC -7 P 4: 36 |
| | ) | |
| *Plaintiff* | ) | Civil Action No. |
| | ) | DISTRICT COURT |
| v. | ) | DISTRICT OF MASS. |
| | ) | 05 – 11851 -- RCL |
| JOSEPH CARTER, Chief | ) | |
| MASSACHUSETTS BAY | ) | 7 December 2005 |
| TRANSPORTATION AUTHORITY, *et al.* | ) | |
| | ) | |
| *Defendants* | ) | |

PLAINTIFF'S MOTION FOR COURT TO CORRECT DOCKET AND CORRECTLY
IDENTIFY HIS 10 NOVEMBER 2005 MOTION AS A MOTION AND NOT A LETTER

Plaintiff – Richard Max Strahan – moves the Court to correct its docket and to identify his 10 November 2005 filing – docket filing #6 -- as a motion. I am also asking the Court to rule immediately on this motion.

On 10 November 2005 I filed a motion entitled "Public-Citizen Strahan's Motion Requesting that the Court Immediately Iissue Him a Summons to Serve on the Defendants." ("10 November Motion"). The Court wrongly docketed this filing as as filing #6 that was described as "Letter/request (non-motion) from Richard Max Strahan for re-issuance of summons to serve on the Defendant." The 10 November Motion is a motion asking for the Court to rescind its past order of 15 September 2005 . It ordered that the summons was not to be issued until the Court made a determination on whether my complaint was "frivolous" and whether or not to dismiss my claims against the Defendants. My 10 November Motion asked that the summons be issued and that the Court issue an order to have the U. S. Marshal's serve process on the Defendants. The Court has refused to act n my 10 November 2005 and on my subsequent 29 November 2005 motion asking for the same relief.

I am suffering irreparable harm at the hands of the Defendants on a daily basis. I am proceduarally barred from asking for interlocutory injunctive relief becuase process has not been served on the Defendants. I have asked the Court to protect evidence to make sure that it is available for discovery. But the Court has refused to rule on my motion. As a result evidence supporting my claims against the Defendants that was in the hands of the Defendants has now been destroyed as a result of the Court's refusal to act. This cannot be called Justice.

The Court has no lawful authority to block the issuing of the summons pending its lackidaisical making a dsicision on whether my claims against the Defendants are "frivolous." The statute of concern – 28 U. S. C. 1915 – requires that the Court issue the summons and order for service by

the U. S. Marshals upon its finding that a plaintiff is indigent. The Court is only allowed to block this process – and dismiss my claims – if it chooses to make the affirmative finding that my claims are indeed "frivolous" at the time that it recognizes my indigent status. Obviously if the Court cannot read the Complaint and interpret it as facially "frivolous" on a single read then it is not. There is no basis in law for a court to hold up issuing the summons to allow it all the time it wants to first decide if my claims are frivolous.  The ability to dismiss claims as frivolous was given to the Court as an extraordinary means to prevent clogging the Court's docket with wholly useless civil actions filed by incompetatnt people with no legal training. It was not mean to five the Court an excuse to deny a pro se litigant his equal treatment under the law and his ability to file an action despite his inability to pay the required filing fee. The Court's deliberate use of 28 USC 1915 to deny me equal access to the Court's is a horrific sham and rooted in a deep seated bigotry of District Court judges against pro se litigants. Obviosuly, I will never find Justice in the District Court until I fully expose and put a stop to its  prejudice against the Public who petition courts on their own without the use of a lawyer. .

For the above reasons, Strahan I am asking the Court to grant my requested relief.

BY:

Richard Max Strahan
928 Dorchester Avenue
Boston MA 02125
617.233.3854

*Pro Se and Proud!*