UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN    )
                      )
    *Plaintiff*        )    Civil Action No.
                      )
v.                    )    05 – 11851 -- RCL
                      )
JOSEPH CARTER, Chief  )
MASSACHUSETTS BAY     )    27 December 2005
TRANSPORTATION AUTHORITY, et al. )
                      )
    *Defendants*      )

---

**PLAINTIFF'S RENEWED MOTION FOR THE COURT TO IMMEDIATELY ORDER THE U. S. MARSHALS TO SERVE PROCESS ON THE DEFENDANTS**

---

Plaintiff – Richard Max Strahan – moves the Court -- pursuant to 28 U. S. C. 1915 and Rule 4(b) of the Fed. R. Civ. Proc. -- to immediately order the U. S. Marshals to effect service of process on each of the Defendants and to serve a copy of the summons and the pleadings on each of the Defendants. He also moves the Court again for it to immediately order the clerk's office to sign, date and affix its seal to a summons for each of the Defendants and to supply these summons to Strahan. Strahan is not currently able to serve process and a copy of the summons on each of the Defendants as set by the time requirements of Rule 4(m) becuase of the Court's previous order that no summons be issued to Strahan and its continuing refusal to issue any order to require the U. S. Marshals to serve process on the Defendants. Strahan has been designated as indigent by the Court and he is entitled to have the U. S. Marshals serve process on the Defendants on his behalf. Strahan cannot afford to pay for a professional process server and is not allowed by the Court's rules to personally serve process on the Defendants. ALTERNATIVELY, Strahan moves the Court to waive its rules and allow him to serve process personally on the Defendants via U. S. Priority tracked mail.

On 15 September 2005 the Court granted my motion to waive the filing fee to docket the instant action. For unexplained reasons, the Court also issued an order to the clerk's office to stop it from issuing the summons and pending a review of my complaint to see if the action can be dimissed as "frivolous" under 28 U. S. C. 1915(e). This was an inappropriate act by the Court. While 28 U. S. C. 1915(e) gives the Court the discretion to dimiss an in forma pauperis action as "frivolous", it imposes no requirement that the Court must review the pleadings and then make a ruling that my claims are not :"frivolous" before the summons can be issued. The opposite is true. A summons must be issued immediately unless or until the Court can determine that the complaint is "frivolous." The Court has abused the law and gone out of its way to stop the issuing of the summons using the unlawful excuse that it must first determine if my claims are frivolous or not. It has not revealed why it wants to go out of its way to make a finding that it is

not required to do. Clearly if my claims were "frivolous" it would have been obvious to the Court on its original reading of them. The fact that the Court has to put some effort into evaluating them is proof that they are not frivolous and the Court is improperly delaying the proceedings for some unbenownst reason.

`Since I have now asked the Court to immediately issue me the summons so that I may serve process on the Defendants and additionally asked that it order the U. S. Marshals to serve process on the Defendants I have "excusable neglect" for not serving the Defendants within the time required by Rule 4(m). The instant action cannot now be dismissed for lack of timely service of proces pursuant to Rule 4(m).

On 23 December 2005, the Court allowed my previously filed motions – 27 October 2005 motion and the 29 November 2005 motion – for a protection order against the Defendants to preserve records in their possession in order to protect my right to obtain copies of them pursuant to discovery. However, these orders cannot be enforced on the Defendants until they have been s process has been served on them by me – including a copy of the summons for each of them. The Court's refusal to allow the summons to be issued or supply an order to have the U. S. Marshals serve process on the Defendants is irreparably injuring Strahan and negates the said protection orders issued by the Court. This failure is exposing Strahan to loss of evidence in support of his claims against the Defendants and permanent injury in his being able to prosecute his claims against the Defenddants. .

For the above reasons, Strahan I ask the Court to grant my requested relief.

BY:

Richard Max Strahan
928 Dorchester Avenue
Boston MA 02125
617.233.3854

*Pro Se and Proud!*